UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GLENDA BROADWAY,<br>KENYA MITCHELL,<br>LISA PERRY,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAINT JOSEPH REGIONAL<br>MEDICAL CENTER – SOUTH<br>BEND CAMPUS INC., d/b/a<br>MISHAWAKA MEDICAL CENTER<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 3:20-cv-00421<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT WITH JURY DEMAND

Plaintiffs, by counsel, for their Complaint against Saint Joseph Regional Medical Center – South Bend Campus Inc., d/b/a Mishawaka Medical Center state as follows:

## JURISDICTION AND VENUE

1. This suit is brought under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e et. seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a et. seq. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

2. All acts alleged herein were committed within the Northern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Glenda Broadway ("Broadway") is a citizen of the United States and at all relevant times has been a resident of St. Joseph County, Indiana.

1

4. At all relevant times, Broadway was an "employee" of St. Joseph Regional Medical Center within the meaning of Title VII, 42 U.S.C. § 2000e(f) and a "person" within the meaning of 42 U.S.C. § 1981.

5. Plaintiff Kenya Mitchell ("Mitchell") is a citizen of the United States and at all relevant times has been a resident of St. Joseph County, Indiana.

6. Mitchell is a "person" within the meaning of 42 U.S.C. § 1981.

7. Plaintiff Lisa Perry ("Perry") is a citizen of the United States and at all relevant times has been a resident of St. Joseph County, Indiana.

8. Perry is a "person" within the meaning of 42 U.S.C. § 1981.

9. Defendant Saint Joseph Regional Medical Center – South Bend Campus Inc., d/b/a Mishawaka Medical Center ("St. Joseph"), is a domestic nonprofit corporation, which conducts business within the territorial jurisdiction of this Court.

10. St. Joseph is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b) and a party to a "contract" with Plaintiffs within the meaning of 42 U.S.C. § 1981.

## ALLEGATIONS SPECIFIC TO GLENDA BROADWAY

11. Glenda Broadway is an African American woman.

12. Broadway has been employed at St. Joseph as a switchboard operator since June 21, 2010.

13. Broadway, and other black employees in the department, are subjected to heightened scrutiny because of their race.

14. Broadway, and other black employees in her department, are treated less favorably with respect to the terms and conditions of their employment because of their race.

15. From 2018 to the present, Broadway has been denied an opportunity to interview for six (6) different jobs because of her race.

16. On August 28, 2019, Broadway received a negative performance evaluation because of her race.

17. The results of the performance evaluation negatively affected Broadway's pay.

18. On September 8, 2019, Broadway filed a grievance alleging discrimination and harassment.

19. After she filed her grievance complaining about discrimination and harassment, Broadway was retaliated against through the issuance of a verbal warning for complaining about St. Joseph management.

20. The verbal warning is a step on the progressive discipline ladder that will make future discipline more severe and as such is an adverse employment action.

## ALLEGATIONS SPECIFIC TO KENYA MITCHELL

21. Kenya Mitchell is an African American woman.

22. Mitchell has been employed as a switchboard operator at St. Joseph since September 2013.

23. Mitchell, and other black employees in the department, are subjected to heightened scrutiny because of their race.

24. Mitchell, and other black employees in the department, are treated less favorably with respect to the terms and conditions of their employment because of their race.

25. After complaining to St. Joseph managers about the discriminatory treatment to which she was subjected, and filing a complaint with the South Bend Human

3

Rights Commission, Mitchell was retaliated against and further discriminated against through the issuance of a final corrective action on or about March 2, 2020, for complaining about Human Resources.

26. In May 2020, Mitchell was also retaliated against by St. Joseph in its decision to deny her medical leave for which she was otherwise qualified.

27. The final corrective action issued by St. Joseph is a step on the progressive discipline ladder at St. Joseph that will make future discipline more severe and as such is an adverse employment action.

## ALLEGATIONS SPECIFIC TO LISA PERRY

28. Lisa Perry is an African American woman.

29. Perry worked as a switchboard operator for St. Joseph for 31 years.

30. Perry, and other black employees in her department, were subject to heightened scrutiny due to their race during their employment at the Defendant.

31. Perry, and other black employees in her department, were treated less favorably with respect to the terms and conditions of their employment because of their race during their employ at the Defendant.

32. After a campaign of heightened scrutiny and pretextual discipline by her supervisor, Perry was terminated for a pretextual reason on December 12, 2019.

33. Defendant discriminated against Perry on the basis of race when it terminated her.

## ALLEGATIONS COMMON TO ALL PLAINTIFFS

34. Black employees in St. Joseph's switchboard department are treated less favorably than white employees with respect to the terms and conditions of their employment.

35. Specifically, white employees are treated more leniently with respect to absenteeism and discipline.

36. The favorable treatment of white employees by St. Joseph management has led to a situation where black employees are treated as second-class citizens in the switchboard department.

37. This second-class treatment resulted in both official and unofficial complaints made by black employees.

38. The complaints by black employees, including the Plaintiffs, exacerbated the negative attitude of St. Joseph management toward black employees culminating in instances of retaliation toward the Plaintiffs.

39. The environment in the switchboard department is racially hostile toward black employees.

## ADMINISTRATIVE PROCEDURES FOR GLENDA BROADWAY

40. On or about October 7, 2019, the Equal Employment Opportunity Commission ("EEOC") received Glenda Broadway's charge of discrimination, number 24M-2020-0004.

41. On February 26, 2020, the EEOC issued Broadway a Notice of Right to Sue.

42. Broadway has ninety days from receipt of the Notice of Right to Sue to file a Title VII Claim covering the allegations in her Charge of Discrimination and this time has not passed.

## COUNT I – BROADWAY: RACE DISCRIMINATION UNDER TITLE VII AND 42 U.S.C. § 1981

43. Plaintiffs incorporate by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

44. Defendant engaged in unlawful race discrimination in violation of Title VII and 42 U.S.C. § 1981 when it treated Broadway differently from other employees in her terms and conditions of employment, denied her job opportunities because of her race, and when it created a hostile work environment toward African Americans.

45. Defendant engaged in unlawful race discrimination in violation of Title VII and 42 U.S.C. § 1981 when it gave Broadway a negative performance evaluation because of her race.

46. Defendant's conduct was malicious and/or recklessly indifferent to Broadway's rights under federal law.

## COUNT II – MITCHELL: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

47. Plaintiffs incorporate by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

48. Defendant engaged in unlawful race discrimination in violation of 42 U.S.C. § 1981 when it treated Mitchell differently from other employees in the terms and conditions of employment, when it issued Mitchell a final corrective action, when it denied her medical leave to which she was entitled, and when it created a hostile work environment toward African Americans.

49. Defendant's conduct was malicious and/or recklessly indifferent to Mitchell's rights under federal law.

**COUNT III – PERRY: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

50. Plaintiffs incorporate by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

51. Defendant engaged in unlawful race discrimination in violation of 42 U.S.C. § 1981 when it treated Perry differently from other employees in the terms and conditions of employment and when it created a hostile work environment toward African Americans.

52. Defendant engaged in unlawful race discrimination in violation of 42 U.S.C. § 1981 when it terminated Perry.

53. Defendant's conduct was malicious and/or recklessly indifferent to Perry's rights under federal law.

**COUNT IV – BROADWAY: RETALIATION UNDER TITLE VII AND 42 U.S.C. § 1981**

54. Plaintiffs incorporate by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

55. Defendant engage in unlawful race discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981 when it issued discipline to Broadway based on her complaints about management's discriminatory treatment.

56. Defendant's conduct was malicious and/or recklessly indifferent to Broadway's rights under federal law.

## COUNT V – MITCHELL: RETALIATION UNDER TITLE VII AND 42 U.S.C. § 1981

57. Plaintiffs incorporate by this reference, as if fully set forth herein, all previous paragraphs of this Complaint.

58. Defendant engaged in unlawful race discrimination and retaliation in violation of 42 U.S.C. § 1981 when it issued discipline to Mitchell based on her complaints about management's discriminatory treatment and denied her medical leave for which she was otherwise entitled.

59. Defendant's conduct was malicious and/or recklessly indifferent to Mitchell's rights under federal law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the judgment of this Court against Defendant, Saint Joseph Regional Medical Center – South Bend Campus Inc., d/b/a Mishawaka Medical Center, providing the following relief:

A. An award of back pay with prejudgment interest for the wages and other employment benefits and opportunities that each of the Plaintiffs has lost as a result of the Defendant's race discrimination and/or retaliation.

B. An Order reinstating Plaintiff Lisa Perry to employment or, in the event the Court determines that reinstatement is not practicable, an Award of front pay to Plaintiff Lisa Perry to make her whole for the losses that she will reasonably incur in the future as the result of Defendant's discriminatory termination of her employment.

C. Injunctive relief against Defendant directing Defendant to immediately cease and desist its discriminatory treatment of black employees, to immediately cease and desist its treatment of black employees as second class citizens, and to

immediately eliminate the hostile work environment toward African American employees that currently exists at Defendant's place of employment through the implementation of training measures to be approved and periodically reviewed by the Court.

D. Compensatory damages in an amount to be determined by a jury to compensate Plaintiffs for the non-pecuniary losses they have sustained, including but not limited to the emotional distress and mental anguish that they have suffered because of Defendant's discriminatory conduct.

E. Punitive damages in an amount to be determined by a jury to deter Defendant and other employers from engaging in discriminatory conduct in the future.

F. An award of attorneys' fees and costs.

G. Such other relief as may be just and proper.

Respectfully submitted,

MACEY SWANSON LLP

_____/s/ Jeffrey Macey_____
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiffs

MACEY SWANSON LLP
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Phone: (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com

## JURY DEMAND

Now come the Plaintiffs, by counsel, and demand that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiffs

**MACEY SWANSON LLP**
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Phone: (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com